UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**ALBRECHT FARMS LLC**

Debtor(s)

)
)
)
)
)
)
)

Case No. __20-30452-dwh12__

**CHAPTER 12 PLAN DATED** __05/07/20__
☒ Motion to Value Collateral
☐ Secured Claim Amount Limited with Creditor Consent

I. The debtor shall pay to the trustee (a) a periodic payment of $**11,000** _____
every _____**month**_____ (insert either month, quarter, six months or year); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same postpetition tax year or tax paid by setoff by a tax agency for a postpetition tax year) received by the debtor during: ☐ The life of the plan, or ☒ 36 months from the date the first plan payment is due (*check applicable provision; if neither is checked, "for the life of the plan" applies*); (d) a lump sum payment of $_____ on _____(date); and (e) _____

2. From the payments so received, the trustee shall make disbursements as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided for in this plan or the confirmation order. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1228, as appropriate. Any allowed secured claims will be paid as shown below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority portion of the claim, and, if not, under the provisions of pt. 2(f) only. The following also apply:
   (1) To creditors whose claims have been timely filed and allowed as secured, make payments as follows: Estimated prepetition arrearages on property must be shown below, separately, and identified as such if debtor is curing defaults under 11 USC §1222(b)(5)). THE ARREARAGES AND TOTAL AMOUNT OF DEBT SHOWN IN A TIMELY FILED AND ALLOWED SECURED CLAIM SHALL CONTROL.

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value, if Not Paying in Full | Estimated Total Debt, if Paying in Full | Term of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| **See Attachment** | | | | | | | |

If payments to a creditor are to begin after debtor's attorney has been paid, the payments to said attorney shall not exceed $_____ before the creditor is paid. If the debtor is not paying the debt in full, the debtor MOVES the court for an order fixing the value of the collateral as set forth above.

*If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of the amount of any secured claim, if undersecured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral. Otherwise, the creditor's proof of claim shall control.*

   (2) DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW AGREE TO THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S). FAILURE OF CREDITOR(S) TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN. FROM THE PAYMENTS RECEIVED PURSUANT TO PT. 1, IF A CLAIM HAS BEEN TIMELY FILED AND ALLOWED AS SECURED, MAKE PAYMENTS TO THE FOLLOWING HOLDERS OF SUCH CLAIMS AS DETAILED BELOW. ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW. THE ARREARAGES SHOWIN IN A TIMELY FILED AND ALLOWED SECURED CLAIM SHALL CONTROL.

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value, if Not Paying in Full | Estimated Total Debt, if Paying in Full | Term of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

*If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above, unless creditor(s) objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case, the values will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral.*

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for the subject secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid preconfirmation. If the debtor fails to make monthly payments sufficient to pay the adequate protection payments in full, the trustee will disburse available funds pro rata according to the payments proposed for subject secured creditors. Adequate protection payments paid through the trustee preconfirmation will be deducted from the amount of the allowed claim. Unless the concerned secured creditor is fully secured or oversecured, no interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) The debtor shall surrender any collateral which is not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following creditors (state creditor NAME and DESCRIBE collateral to be surrendered):

**N/A**

(c) Third, pro rata, until fully paid, allowed unsecured domestic support obligations.
(d) Fourth, allowed administrative expenses under §507(a)(2).
(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), unless otherwise ordered.
(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1225(b)(1). These monies will be distributed in the method indicated in the applicable section marked below. The terms of pt. 8 shall also apply.
    ☒ (1) The creditors will receive approximately ___**0**___ % of their claims. This percentage will vary depending on the amount of total creditors' claims filed.
    ☐ (2) The creditors will receive a minimum _____% of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.
(g) Pursuant to §1225(a)(4), the unsecured creditors as a group will receive ☐ 100% ☒ a minimum of $**0**_____ (*check applicable provision; if neither is checked, "100%" controls*) plus ___**0**___% shall be paid on all timely filed and allowed priority and nonpriority unsecured claims from the date of plan confirmation to compensate for deferred payment.

3. The debtor moves for assumption of the following executory contracts and leases:

    Creditor                    Amount of Default [State if None]     Cure Provisions
**See Attached**

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are fully secured, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such secured creditor(s) in pt. 2(b):

**Caterpillar Financial Services Corporation**
**Kubota Credit Corporation**

5. The property described below is to be sold [also state offering price and whether it will be offered through a broker (and if so, who), and state date by which it will be sold and what will occur if it is not timely sold], all offers received by the debtor shall be promptly communicated to the trustee and lienholders, and no sale of such property shall be completed without notice to lienholders and the trustee and an opportunity for a hearing:

**N/A**

6. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

7. Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate shall

Case 20-30452-dwh12   Doc 85   Filed 05/07/20

vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan pursuant to 11 USC §1227.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The scheduled month and year the plan will be completed is _____**June 2035**_____ and the cause for a plan longer than 36 months is: **Payment of secured creditors and payment of priority taxes**
Except as otherwise explicitly provided by pt. _____, the debtor shall make plan payments for the longer of either: (a) 36 months from the date the first payment is due under the original plan, unless the debtor pays 100% of all claims with interest if required, or (b) the time necessary to complete required payments to creditors.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification, and any interested party who has requested special notice.

10. Except as otherwise provided herein, (a) postpetition interest on all unsecured claims is disallowed, and (b) unsecured claims allowed in the amount of $25 or less, to the extent claims of that class are entitled to a distribution under this plan, shall be paid in the full amount allowed prior to any payments to other unsecured claims of the same class.

**11. Debtor will attempt to collect the Jim Harvey receivable. Any amounts received net of legal fees and costs will be distributed to Citizen's Bank on account of its secured claim. At the option of Citizen's Bank, Debtor will assign this claim to Citizen's Bank.**

**12. Debtor will retain funds received from attorney Bill Buchanan's trust account in the amount of $1,414.80. Debtor will release its claim, if any, to any funds held by attorneys Emanuel Miller and D. Blair Clark. The funds are the subject of a dispute between Jim Harvey, represented by D. Blair Clark, and Dan Ahart, represented by Emanuel Miller, relating to interest in a 2019 hay crop that Debtor completed the cultivation of after it had been planted by Mr. Ahart. Debtor sold the resulting hay crop in or around August 2019 and, pursuant to an agreement between Debtor, Mr. Harvey, and Mr. Ahart, deposited the funds to be held by attorneys Emanuel Miller, D. Blair Clark, and Bill Buchanan pending resolution of the underlying dispute. Debtor previously offset its interest in these funds.**

DATED: _____**05/07/20**_____

_____
**/s/ Kody Albrecht, Member**
DEBTOR

---

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 2(b)(1) and (2)** (under the "Collateral Value, if Not Paying in Full" columns) and **3** (see FRBPs 3012, 7004, and 9014, and LBR 6006-1(b)).

I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows:

a) For creditors/parties who are **not** Insured Depository Institutions (served by court) (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, OR, on (insert date) __**05/07/20**__, I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows (list each creditor/party, the person or entity the creditor/party was served through, and the address):
**Farm Service Agency | United States Attorney's Office District of Oregon | Attn: Civil Process Clerk | 1000 SW Third Ave Suite 600 | Portland, Oregon 97204**
**AGCO Finance LLC | c/o Corporation Service Company | 1127 Broadway St NE STE 310 | Salem, OR 97301**
**Kubota Credit Corporation | c/o CT Corporation System | 780 Commercial St SE STE 100 | Salem, OR 97301**
**Caterpillar Financial Services Corporation | c/o CT Corporation System | 780 Commercial St SE STE 100 | Salem, OR 97301**

b) For Insured Depository Institutions (see FRBP 7004(h)), on (insert date) __**05/07/20**__, I served the above-documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows (list each insured depository institution, the person or entity the institution was served through, and the address):
**Citizens Bank | c/o Jason Ayres, attorney | 121 SW Morrison St, Suite 1100 | Portland, OR 97204**

**See attachment for additional notice.**

_____
**/s/ Anthony V. Albertazzi**
DEBTOR OR DEBTOR'S ATTORNEY

**Paragraph 2(b)(1) Attachment**

| Creditor | Collateral | Estimate Arrearage, If curing | Collateral Value, if Not Paying in Full | Estimated Total Debt, if Paying in Full | Term of Payments | Post-Confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| Citizen's Bank | Crops and Equipment | | $ 200,000 | | 180 | 6.25% | $ 1,715 |
| FSA | Equipment | | | $ 267,819 | 180 | 3.88% | $ 1,965 |
| AGCO Financial LLC | Massey Ferguson, 7622 Tractor & Massey Ferguson, 978 Loader | | $ 97,500 | | 36 | 6.25% | $ 3,000 |
| Caterpillar Financial Services Corporation | CAT Challenger, MT555B Tractor & Challenger ML98B Loader | $ 15,474 | | | 36 | 0.00% | $ 430 |
| Kubota Credit Corporation | Kubota LA2254, A1525 & Kubota M126GXDTC-F, 51107 | $ 9,755 | | | 36 | 0.00% | $ 271 |

**Paragraph 3 Attachment**

| Assumption of Executory Contracts and Leases: | | |
|---|---|---|
| CREDITOR | AMOUNT OF DEFAULT | CURE PROVISIONS |
| Willie Fuller | $0.00 | n/a |
| Todd Titus | $0.00 | n/a |
| Rudy Thompson | $0.00 | n/a |
| Ron Totland | $0.00 | n/a |
| Herb Davis | $0.00 | n/a |
| Aaron Wainman | $0.00 | n/a |

Additional Service Attachment

Dan Ahart | c/o Emmanuel Miller | Miller & Hopp Attorneys At Law | 210 NW Irving Ave Ste 101 | Bend, OR 97703

Jim Harvey | c/o D. Blair Clark | Law Offices of D. Blair Clark PC | 967 E. Parkcenter Blvd., #282 |Boise, ID 83706